PEABODY & CO. ET AL. *v.* UNITED STATES (No. 1804).[1]

SEGREGATION—RATTAN REEDS.

Upon application and showing by appellants, the United States consenting, the reversal of this cause (8 Ct. Cust. Appls. 204; T. D. 37436), without establishing a precedent, is extended so as to remand it to the Board of General Appraisers with direction that opportunity be given both parties to introduce further evidence, to the end that the different classes of merchandise may, if possible, be segregated and properly classified.

United States Court of Customs Appeals, February 21, 1918.

REHEARING—Opinion November 20, 1917 (8 Ct. Cust. Appls., 204; T. D. 37436).

*B. A. Levett* for appellants.

*Bert Hanson,* Assistant Attorney General (*Charles D. Lawrence,* special attorney, of counsel), for the United States.

[Oral argument Feb. 14, 1918, by Mr. Levett and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

PER CURIAM: This is a petition for rehearing in the cause above entitled in which opinion was handed down by this court November 20, 1917.  See p. 204; T. D. 37436.  Reference is made to the opinion for a statement of the issues involved and our judgment thereon.

The petition, while entitled as for a rehearing, is really a motion that the cause be remanded for the taking of further testimony to the end that the Board of General Appraisers may segregate the importations (China reeds) so that their respective and proper classifications under the tariff law may be determined consistently with the views expressed by this court in other cases as to merchandise similar to or identical with some or all of that here involved.

As appears by the before-mentioned opinion, we thought at the time of its rendition that some of the merchandise had been improperly classified, but because of the state of the record and exhibits were

---

[1] T. D. 37550 (34 Treas. Dec., 193).

unable to determine to what extent this was so and therefore affirmed in toto the judgment below.

The Government, by its brief in opposition to the petition, has presented various objections of such character that if insisted upon might render the granting of the petition extremely doubtful. This is, however, unnecessary of decision, for upon the hearing of the petition the Assistant Attorney General, in view of the circumstances, waives said objections and consents that the court may, if in its opinion the ends of justice will thereby be attained, remand the cause to the Board of General Appraisers for further proceedings.

Because of this waiver and consent, and actuated by the belief that the board may, after further hearing, be able to segregate the reeds so that they may be properly classified, and upon the representation of the importers that they can and will produce additional evidence necessary for the purpose if again given opportunity so to do, we conclude upon the whole, and without intending thereby to establish any precedent, to grant the petition.

Therefore it is ordered that the cause be now remanded to the Board of General Appraisers with direction that opportunity be given both parties to introduce further evidence and that thereupon the proper classification of the merchandise be reviewed and again determined by the board.

Reversed for the reasons before given and remanded.